FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 DEC 14 PM 2: 18

U.S. DISTRICT COURT
N.D. OF ALABAMA

KATHLEEN M. KLEIN, on behalf of ) 
herself and all others similarly situated, ) 
　 ) 
　　　Plaintiff, ) 
　 )　　CV-98-BU-1658-S
　　vs. ) 
　 ) 
BANKUNITED, F.S.B.; ) 
　 ) 
　　　Defendant. ) 

ENTERED

DEC 14 1998

MEMORANDUM OPINION

　　　This case is before this Court on the plaintiff's Motion to Remand.  After the parties had

the opportunity to submit evidence and briefs, the motion was submitted, without oral argument,

on November 3, 1998.  This Court has reviewed the record and the arguments of counsel and

hereby finds  that this cause was improvidently removed.  Thus, for the reasons set forth below,

this Court determines that this matter will be REMANDED to the Circuit Court of Jefferson

County.

　　　Federal courts are courts of limited jurisdiction.  Therefore, this court may only hear

cases that the Constitution or Congress has authorized.  A federal court has jurisdiction over

cases involving parties from different states when the amount in controversy exceeds $75,000,

excluding interest and costs.  28 U.S.C. § 1332(a).  The defendant, in such a case, may remove

an action from state court to federal court.

　　　The defendant seeking to remove a case from state court to federal court has the burden

of proving the existence of federal jurisdiction.  Because federal jurisdiction is limited, the

Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not absolutely clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id*. (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, ___ U.S. ___, 117 S. Ct. 1349, 137 L. Ed. 2d 506 (1997)). Where the plaintiff has stated a specific amount in his complaint, "a defendant may only establish removal jurisdiction by showing to a 'legal certainty' that the plaintiff would not recover less than the federal jurisdictional amount if the plaintiff prevailed." *Id*. (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996); *Burns*, 31 F.3d at 1094).

## FACTS AND PLEADINGS

The plaintiff, Kathleen M. Klein, filed this case in Circuit Court of Jefferson County Alabama. Ms. Klein's complaint alleged four counts alleging various violations of Alabama state statutory and common law arising from the satisfaction of Ms. Klein's mortgage, held by BankUnited. Ms. Klein alleges that BankUnited failed to record a release of her mortgage within 30 days after the mortgage was satisfied, which under Alabama law entitles Ms. Klein to $200. *See* Ala. Code, § 35-10-27; § 35-10-30. Also, Ms. Klein alleges that BankUnited charged her for a "payoff statement fee," which Ms. Klein claims violates the mortgage agreement. She seeks contract damages and recoupment of the improper charges. In addition to the $200 forfeiture and the contract damages, Ms. Klein seeks injunctive and declaratory relief. This relief includes "an accounting of all excessive sums collected . . . within six years of the filing of this action," and a refund, with interest, of all "excessive monies collected." Complaint, ¶ 22. The complaint

contains class allegations, seeking relief for a "class of individuals and entities who paid off

mortgages to [BankUnited] throughout the State of Alabama" within the appropriate statute of

limitations.[1] Ms. Klein asks that the relief include interest, costs, and attorney fees.

The complaint specifically states, in bold lettering and in all capital letters: "Plaintiff does

not claim damages in excess of $75,000.00 for any individual class member. Plaintiff does not

claim punitive damages." Complaint, pp. 8-9.

BankUnited removed the case from state court, stating in its that BankUnited was a

citizen of Florida and Klein was a citizen of Alabama; therefore, there is complete diversity of

the parties. Moreover, BankUnited stated that the amount in controversy exceeded $75,000. It

alleged that the attorneys' fees and value of the declaratory and equitable relief should be

considered in addition to the stated limit on monetary damages of $75,000.

Thereafter, Ms. Klein moved to remand the action to state court on the ground that the

amount in controversy did not exceed $75,000.

## CONTENTIONS & ANALYSIS

For purposes of deciding whether to remand this action to state court, this Court

determines that the plaintiff has not specified her damages. Klein limits the total amount of

---

[1]BankUnited notes that Klein's complaint states that the class consists of persons in
Alabama for Count 1 and persons in the United States for Counts 2-4. *See* Complaint, ¶ 3.
However, the class allegations section of the Complaint states: "The class is so numerous that
joinder of all class members is impracticable. Indeed, the class consists of individuals and
entities who paid off mortgages to [the] defendant throughout the *State of Alabama* within six
years of the filing of this action in Counts Two -Four." *Id.* ¶ 24. Thus, there appears to be a
conflict between the actual scope of the class requested. However, as stated above, all doubts are
to be resolved in favor of remand; therefore, the court presumes that the plaintiff class consists of
Alabama residents only.

damages to $75,000; however, she does not claim a specific dollar amount for her damages. She does, however, state two specific items of relief: $200 forfeiture and $22.50 "payoff statement fee." She does not limit her claim to only these two items; therefore, there is a possibility that she would be entitled to additional sums. Where the plaintiff's claim for damages is unspecified, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75,000] jurisdictional requirement." *Tapscott*, 77 F.3d at 1357.


## KLEIN'S DAMAGE CLAIM

The parties do not address the measure of Klein's damage claim, but both parties seem to assume that the amount of this claim is likely to be $75,000. However, this result seems unlikely given the material before this Court.

For example, Count 1 of the Complaint seeks, pursuant to statute, $200 forfeiture of mortgage proceeds for the failure to record the release of her mortgage upon payment. Section 35-10-30, of the Alabama Code, states, "If, for 30 days after such request, the mortgagee . . . fails to make any entry required by this article he forfeits to the party making the request $200.00 unless there is pending, or there is instituted, an action within that time, in which the fact of partial payment or satisfaction is or may be contested." Therefore, under Count 1 of the Complaint, Klein is entitled to $200 – no more and no less – if she is successful on this claim.

Klein's other claims – breach of contract, recoupment, and accounting – also appear to be limited. The only specific fee that Klein contends was improper is a $22.50 "payoff statement fee." BankUnited has not presented anything to this Court to indicate that the improper fees are

substantial enough to raise Klein's claim to something close to her self-imposed limit of $75,000.

Moreover, Klein's complaint does not seek, and indeed would not likely recover under Alabama

law, any sum of money damages for mental anguish arising from the improper assessment and

collection of fees under the mortgage agreement. Therefore, the Court finds, as a preliminary

matter that, although the plaintiff has limited her damages to $75,000, it is more likely than not

that her damage recovery will be substantially less than $75,000. *See Wellcraft Marine, a*

*Division of Genmar Industries, Inc. v. Zarzour*, 577 So. 2d 414, 418-19 (Ala. 1990)( general rule

in Alabama is that mental anguish not a recoverable element of damages in a breach of contract

claim).


ATTORNEYS' FEES

Ms. Klein's Complaint seeks attorneys' fees. As set forth above, the complaint contains

four counts: (1) forfeiture pursuant to Ala. Code § 35-10-27; § 35-10-30; (2) breach of contract;

(3) recoupment; (4) declaratory and injunctive relief (accounting). BankUnited contends that the

jurisdictional amount in controversy can be met by aggregating the claims for attorneys' fees for

the plaintiff and the plaintiff class.

However, BankUnited has provided no evidence that the amount of attorneys' fees would

exceed $75,000. It contends, "Given the multi-state nature of the class claims pled and the scope

of discovery that will be required to prove both certification issues under Rule 23 and the merits

of the various claims asserted, there can be no doubt that the attorney's fees at issue exceed

$75,000 in amount." As stated above, the Eleventh Circuit has held, "a removing defendant must

prove by a preponderance of the evidence that the amount in controversy more likely than not

exceeds the [$75,000] jurisdictional requirement." *Tapscott*, 77 F.3d at 1357.  The law is well

established that "[s]tatements by counsel in briefs are not evidence." *Skyline Corp. v. NLRB*, 613

F.2d 1328, 1337 (5th Cir. 1980).  BankUnited has not produced any evidence, much less a

"preponderance," that the requested attorneys' fees, together with the amount of compensatory

damages, exceeds $75,000.

    Even if the defendant had established that the amount of attorneys' fees will more likely

than not exceed $75,000, the Court finds that such fees do not increase the amount in

controversy.  Ms. Klein's claims are based on state law statutory and common law causes of

action.  Therefore, the Court will look to Alabama law to determine whether her claim for

attorneys' fees increases the amount in controversy.

    "It is well established that Alabama follows the 'American Rule' in regard to an award

for attorney's fees." *Bell v. The Birmingham News Company*, 576 So. 2d 669, 670 (Ala. Civ.

App. 1991).

> [T]he law recognizes certain exceptions to this rule, and attorney fees are
> recoverable when authorized by statute, when provided by contract, or when
> justified by special equity. *Blankenship v., City of Hoover*, 590 So.2d 245 (Ala.
> 1991); *Reynolds v. First Alabama Bank of Montgomery, N.A.*, 471 So. 2d 1238
> (Ala. 1985).  In the latter instance, attorneys' fees may be awarded where the
> plaintiff's efforts are successful in creating a fund out of which the fees may be
> paid, or when the efforts of the plaintiff's attorneys render a public service or
> result in a benefit to the general public in addition to serving the interests of the
> plaintiff. *City of Ozark v. Trawick*, 604 So. 2d 360 (Ala. 1992); *Brown v. State*,
> 565 So. 2d 585 (Ala. 1990); *Bell v. Birmingham News Co.*, 576 So. 2d 669 (Ala.
> Civ. App. 1991).  These have been termed the "common fund" and the "common
> benefit" exceptions to the American rule.

*Ex parte Horn*, 718 So. 2d 694, 702 (Ala. 1998).

    Neither party contends that the request for attorneys' fees is authorized by statute or by

the mortgage agreements. Therefore, Alabama law provides attorneys' fees only "when justified by special equity" – "common fund' and "common benefit" exceptions.

"Under the 'common fund' exception, an attorney 'whose services on behalf of his client created a fund to which others may also have a claim' is entitled to payment from that fund. *Campbell v. General Motors Corp.*, 19 F. Supp. 2d 1260, 1269 (N.D. Ala. 1998)(quoting *City of Ozark v. Trawick*, 604 So. 2d 360, 364 (Ala. 1992)). Under Alabama law, "a lawyer who recovers an award for the benefit of a class of clients is entitled to a reasonable fee *from the amount recovered*." *Edelman & Combs v. Law*, 663 So. 2d 957, 958 (Ala, 1995)(citing, *inter alia*, *Ex parte Brown*, 562 So. 2d 485, 495 (Ala. 1990))(emphasis added). Therefore, "[b]ecause fees awarded from a common fund are not in *addition* to damages awarded to all class members, the possibility of recovering such attorneys' fees does not demonstrate that the jurisdictional minimum has been met." *Seroyer v. Pfizer, Inc.*, 991 F. Supp. 1308, 1316-17 (M.D. Ala. 1997)(emphasis added); *see also Campbell*, 19 F. Supp. 2d at 1269 ("Common fund fees are thus irrelevant [in] determining the amount in controversy, because they are not paid by an adverse party.").

Attorneys' fees are awarded under the "common-benefit" exception "when the efforts of the plaintiff's attorneys render a public service or result in a benefit to the *general* public in addition to serving the interests of the plaintiff." *Horn*, 718 So. 2d at 702. The Complaint in this cause does not contain any request for relief designed to benefit the "general public." Each request for relief is designed to compensate the plaintiff and the plaintiff class for improper charges and activities related to their individual mortgage agreements. Because the plaintiff and the putative class members do not seek relief designed to render a public service or benefit the

general public, the Complaint does not state a claim for attorneys' fees under the common-benefit exception to the American Rule applicable in Alabama.

Thus, based on the foregoing, the defendants have not shown by a preponderance of the evidence that any amount of attributable to attorneys' fees should be considered in determining the whether the amount in controversy more likely than not exceeds $75,000.

INJUNCTIVE RELIEF

The amount in controversy is determined by the "value of the object of the litigation," as viewed by the plaintiff's perspective. *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 218-20 (11th Cir. 1997).[2]

Klein's claim for injunctive and declaratory relief is as follows:

21.    A justiciable controversy exists between Plaintiff, the class, and Defendant with respect to *whether Defendant has the right to assess and collect fees and other charges in excess of that required to satisfy the mortgage indebtedness*.

22.    Upon final hearing of this action, Plaintiff prays that this Court impose the following relief;

   a.    Take jurisdiction of this matter and certify this claim as a class action under Rule 23(b)(2) and (b)(3) of the Alabama Rules of Civil Procedure;

   b.    Order that Defendant conduct an accounting of all excessive sums collected from the class within six years of the filing of this action;

   c.    Declare that the assessment and collection of such fees amounted to a breach of the provisions of the mortgage;

---

[2] I n *Glover v. Midland Mortgage Co. of Oklahoma, Inc.*, this Court noted that the *Ericsson* opinion concerns the determination of the jurisdictional amount in a case original filed in federal court, as opposed to removed from a state court. *Glover*, CV 98-BU-1211-S [Memorandum Opinion], slip op. pp. 14-15 & nn. 9-11 (N.D. Ala. Dec. 5, 1998).

d.     That Defendant be ordered to refund to the class all such excessive monies collected;

e.     That Defendant be ordered to pay interest on the sums improperly collected; and

f.     For an award of attorney's fees and costs.

Complaint, ¶¶ 21-22(emphasis added).

The claim for equitable relief contains four basic requests: (1) accounting of all money collected from the class in excess of their mortgage agreements; (2) declaratory judgment that BankUnited collected this money in breach of the mortgage agreements; (3) refund of the excessive sums with interest; and (4) attorney fees and costs. The only claim that requires any discussion by this court is the request for an accounting.[3]

In her motion to remand, Klein contends: "[A]ll Plaintiff has requested is that Defendant conduct an 'accounting' of the amount of fees overcharged by Defendant. Essentially, this accounting is part and parcel of Counts Two and Three, for such would have to be done in order to determine damages to each member of the class." Motion to Remand, p. 5. BankUnited contends that the value of the accounting to the plaintiff and the plaintiff class is "significant" as it would spare her the cost of performing her own accounting of alleged excess fees. It also

---

[3]The declaratory judgment request simply seeks a determination that BankUnited breached its mortgage agreements with the plaintiff and the putative class members. This request seeks relief identical to that obtained by a favorable determination of Klein's breach of contract claim. Moreover, pursuant to Counts 2 and 3, Klein requests both a disgorging of excess money collected, with interest, as well as attorneys' fees and costs. Therefore, her request under Count 4 for refund of excessive money collected, with interest, and attorneys' fees and costs requests compensation for the same injury for which she seeks relief under Counts 2 and 3. Alabama law "is . . . settled that while a party is entitled to full compensation for his injuries there can be but one satisfaction for an injury." *Williams v. Colquett*, 272 Ala. 577, 582, 133 So. 2d 364, 368 (1961). Thus, these requests for injunctive relief do not increase the amount at issue.

contends that the value of the accounting can be measured by the amount each class member

receives as a refund, aggregated for the class as a whole.

This Court has grave doubts as to whether the request for an accounting is a request for

equitable relief under Alabama law or a discovery request.

The law in Alabama is as follows:

[W]ithout reference to a discovery, or other relief peculiar to equity, that court
will not entertain a bill for accounting unless there are mutual accounts between
the parties or, if the accounts are not mutual, they are so complicated and difficult
to adjust that relief at law is not adequate, or unless fiduciary relations exist
between the parties.

*Segrest v. Brown*, 263 Ala. 342, 343, 82 So. 2d 432, 435 (1955).  The *Segrest* Court further

explained that "an account is not complicated merely because it involves a large number of

items," and "an account is not mutual where it consists of items on one side and payments

merely on the other."  The Complaint contends that "the number of class members exceeds

1000."  Complaint, ¶ 24.  Also, the accounts at issue are not mutual; rather, they are mortgage

agreements – an item on one side and payments on the other.

Based on the facts as alleged in Klein's complaint, the plaintiff and the plaintiff class do

not appear to have an equitable accounting claim, but a request for class-wide discovery.  Klein

appears to admit this fact in her motion to remand, arguing that the information is necessary to

the determination of damages.   She contends, "Essentially, this accounting is part and parcel of

Counts Two and three, for such would have to be done in order to determine damages to each

member of the class."  Under these facts, Alabama law does not recognize an equitable

accounting claim.  *See George Moulton, Inc. v. Langan*, 285 Ala. 427, 433-34, 233 So. 2d 74,

79-80 (1970).  Therefore, assuming the equitable accounting claim is merely a request for class-

wide discovery, the value of the accounting would not be included as an amount in controversy; discovery is a "cost" of the litigation and specifically excluded by statute.  28 U.S.C. § 1332(a).

Nevertheless, even if Count 4 states a claim for an accounting, the defendant has not established the "value" of that accounting.

The value of the accounting as measured by the amount of refund each class member would receive based on the results of the accounting does not increase the amount in controversy, as such amounts have been considered by this Court as recovery under Counts 2 and 3 of the Complaint.  Also, the amount of each refund for each class member is not aggregated for purposes of determining the amount in controversy for jurisdiction purposes.  *See Campbell*, 19 F. Supp. 2d at 1267-68 ("Almost by definition, compensatory relief cannot be aggregated under *Tapscott*.  It is designed to remedy a discrete harm to an individual plaintiff, and so represents an individual, not common, interest.  Whether couched in legal or equitable terms, compensatory relief is simply not aggregable.").  Therefore, the value of the accounting as measured by the amount of refund owed to each plaintiff does not increase the amount in controversy.

The defendant also contends that the value of the accounting should be measured by the costs saved by the plaintiff class.  However, the defendant, who has the burden of proving the amount in controversy exceeds $75,000, has not provided this Court with any evidence as to the dollar amount likely to be saved by the plaintiff and the plaintiff class.  Indeed, it only presents argument that the amount would be "considerable, even overwhelming."  Such argument, without proof, is insufficient to carry the defendant's burden.

## CONCLUSION

Based on the foregoing, this Court finds that the defendant has failed to prove by a

preponderance of the evidence that the amount in controversy more likely than not exceeds

$75,000. Therefore, this action will be REMANDED to the Circuit Court of Jefferson County,

Alabama.

DONE this _14th_ day of December, 1998.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT COURT JUDGE